MICHAEL GRACE *vs.* JUDAH D. TEAGUE.

Aroostook.    Opinion June 27, 1888.

*Officer.    Title in issue.    Officer de facto.    Damages.*

When an officer sets up his title to an office in justification of his official act,
for which the action is brought, he must prove his legal title to the office.
It is not sufficient that he shows he was an officer *de facto.*

ON EXCEPTIONS AND MOTION.

This was an action of trespass, for assault and battery, tried on
agreed statement of facts, by the presiding justice of the superior
court, Aroostook county, with the right to except.

The defendant, after his commission as trial justice had expired,
but not aware of this fact, issued a warrant upon a proper com-
plaint, against the plaintiff who was arrested thereon and brought
before the defendant for trial.    Plaintiff was found guilty and
required to pay a fine and costs.

The parties agreed that if the defendant was liable in this
action, it being conceded he acted in good faith, the damages, not
to exceed $36.00 might be assessed by the court.    The presiding
justice gave judgment for the plaintiff, and assessed the damages
at $36.00.    The defendant excepted and moved for a new trial
because the damages were excessive, contending, as appears in
the motion, that they should be nominal only.

No briefs of counsel were received by the reporter.

*King and King*, for defendant.

*P. C. Keegan*, for plaintiff.

LIBBEY, J.    The law is well settled, that, when an officer sets
up his title to an office in defence of an action against him for
his acts, he puts in issue his title to the office, and to justify must
show that he has the legal title.    It is not sufficient for him to
show that he is exercising the duties of the office as an officer *de
facto*.    The ruling of the court below on this point is correct.
*Pooler* v. *Reed*, 73 Maine, 129 ; *Andrews* v. *Portland*, 79 Maine,
488, and cases there cited.

It was agreed by the parties that the damages should not exceed the sum awarded. They are not excessive.

*Exceptions and motion overruled.*

PETERS, C. J., DANFORTH, EMERY, FOSTER and HASKELL, JJ., concurred.