MINNIE M. SMITH *vs.* ALLEN K. WILSON.

PROVIDENCE—JUNE 7, 1899.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *Trespass vi et armis.   Pleading and Practice.*

The plea of not guilty in trespass to the person only denies the fact of the defendant's having done the act complained of.

(2) *License.   Justification.*

In an action against an officer which brings in question his right to do the acts complained of, the burden is upon him to establish the title to his office, or any other matters in justification of his conduct, both in pleading and in proof.

(3) *Unnecessary Force by Officer in Acts otherwise Lawful.*

*Semble*, If, in an action against an officer for trespass, an assault and battery is shown, although the defendant has pleaded his official capacity in justification, the case is properly submitted to the jury on the question whether the defendant used unnecessary force.

TRESPASS for assault and battery. The facts are stated in the opinion. Heard on petition of plaintiff for new trial. New trial granted.

TILLINGHAST, J.    This is trespass for assault and battery. The testimony shows that the defendant, who claimed to be an officer, attached, or attempted to attach, a bicycle in the possession of the plaintiff, at the house occupied by her and her husband in East Providence; that the plaintiff tried to prevent the defendant from taking the bicycle away; that defendant thereupon took hold of her arm quite forcibly and compelled her to let go of the wheel; that in so doing her arm was slightly injured, and she suffered some pain and inconvenience therefrom; that when defendant came to the house to serve the writ his authority to do so was questioned, and plaintiff's husband went for an officer to ascertain whether defendant could rightfully take the bicycle, and while he was thus away defendant forcibly took the same from plaintiff's possession as aforesaid.    She testifies that in order to get the bicycle away from her he took hold of her arm and pulled it as hard as he could—that he had to pull hard in order to do it.    There is evidence that the arm was red and swollen, and that plaintiff cried out with pain immediately after the injury.

At the trial of the case in the Common Pleas Division the plaintiff was nonsuited, and the case is now before us on her petition for a new trial.    The only plea in the case was the general issue.    We think the court erred in granting the nonsuit.    The evidence showed that an assault was committed, and the burden was upon the defendant to justify it. The court, in granting the nonsuit, evidently took the view that the evidence showed that the defendant was an officer armed with regular process, and therefore that he had the right to take the property in question, using force, if necessary, in so doing.    This view was erroneous.    The most that appears from the evidence is that defendant represented himself to be an officer armed with process.    But this did not prove that he was such, and, as his authority was questioned, he was bound to plead his official character in justification if he desired to take advantage thereof.    See *Williams* v. *Hathaway*, 20 R. I. 534.

(1)    The plea of not guilty in trespass to the person only denies

the fact of the defendant having done the act complained of. Chit. Pl. (Perkins ed.) Vol. 3, 696.

(2)  As the evidence stands, an assault and battery is shown, with no justification therefor. That the burden was upon the defendant to establish the title to his office, or any other matters in justification of his conduct, both in pleading and in proof, see *Pooler* v. *Reed*, 73 Me. 129 ; *Grace* v. *Teague*, 81 Me. 559 ; *Blake* v. *Damon*, 103 Mass. 199 ; 2 Ency. Pl. &

(3)  Pr. 862. Moreover, even if the defendant had pleaded his official capacity in justification, the case should have gone to the jury on the question whether the defendant used more force than was necessary in making the attachment.

Petition for new trial granted.

*Page & Page*, for plaintiff.

*Claude J. Farnsworth*, for defendant.